**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KHYREL WARE,

Plaintiff,

-v- 9:24-CV-143 (AJB/DJS)

BOUTIN *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

KHYREL WARE
Plaintiff, Pro Se
20-A-0725
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES ELIZABETH V. LOMBARDI, ESQ.
New York State Attorney General
Attorneys for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On January 30, 2024, *pro se* plaintiff Khyrel Ware ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was being transferred to Upstate Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3, 5.

The matter was initially assigned to Chief U.S. District Judge Brenda K. Sannes, who granted plaintiff's IFP Application and, after an initial review of the complaint, determined that the following claims required a response:

(1) § 1983 First Amendment retaliation claims (a) against Rief, McGreggor, Lotray, and Bullock "based on these officials removing a mattress from plaintiff's cell on August 30, 2022" ("First Retaliation Claim"); and (b) against Lotray, McGreggor, Erica Martin, J. Holmes, John Doe 11, and John Doe 12 "based on an alleged use-of-force incident" on September 1, 2022 ("Second Retaliation Claim"). Dkt. No. 9 at 13, 36.

(2) § 1983 Fourth Amendment body cavity search claims against John Doe 3, John Doe 4, John Doe 5, John Doe 6, and John Doe 7. Dkt. No. 9 at 10, 16, 36,

(3) § 1983 Eighth Amendment conditions-of-confinement claims (a) against Boutin, John Doe 1, and John Doe 2 "based on transporting plaintiff in an unnatural and painful position for approximately three hours on June 2, 2022" ("First Conditions-of-Confinement Claim"); and (b) against Rief, McGreggor, Lotray, and Bullock "based on these officials removing a mattress from plaintiff's cell on August 18, 2022 and August 30, 2022" ("Third Conditions-of-Confinement Claim"). Dkt. No. 9 at 17–18, 36.

(4) § 1983 Eighth Amendment deliberate medical indifference claims (a) against Rief, Holcombe, and Carmac "based on these officials denying plaintiff access to treatment for his injured wrist on June 4, 2022" ("Third Medical Indifference Claim"); (b) against Lotray, McGreggor, Erica Martin, J. Holmes, John Doe 11, and John Doe 12 "based on these officials delaying plaintiff's access to medical treatment following an alleged use-of-force incident that occurred on September 1, 2022" ("Fourth Medical Indifference Claim"); and (c) against Holcombe "based on this official

failing to adequately treat plaintiff's injuries from an alleged use-of-force incident that occurred on September 1, 2022" ("Fifth Medical Indifference Claim"). Dkt. No. 9 at 25–26.

(5) § 1983 Eighth Amendment excessive force / failure-to-intervene claims (a) against Boutin, John Doe 1, and John Doe 2 "based on one of these officials tightening handcuffs around plaintiff's wrists on June 2, 2022 ("First Excessive Force Claim"); (b) against John Doe 3, John Doe 4, John Doe 5, John Doe 6, and John Doe 7 "based on plaintiff's unnatural placement in shackles and body cavity search prior to his transport to Upstate" ("Second Excessive Force Claim"); (c) against Rief "based on this official closing a cell hatch on plaintiff's wrist on June 4, 2022 ("Third Excessive Force Claim"); (d) against Rief "based on this official "bending plaintiff's wrist while in handcuffs on June 27, 2022" ("Fourth Excessive Force Claim"); and (e) against Lotray, McGreggor, Erica Martin, J. Holmes, John Doe 11, and John Doe 12 "based on an alleged use-of-force incident that occurred on September 1, 2022 ("Fifth Excessive Force Claim"). Dkt. No. 9 at 29–30, 36.

Thereafter, defendants Boutin, Bullock, Carmac, Holcombe, Holmes, Lotray, Martin, McGreggor, and Rief answered the complaint, Dkt. No. 24, the matter was reassigned to this Court for all further proceedings, Dkt. No. 34, and the parties completed a period of discovery, *see* Dkt. No. 39. Defendants moved for summary judgment on September 30, 2025. Dkt. No. 51. Plaintiff opposed. Dkt. No. 60.

On August 19, 2026, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that most of plaintiff's claims had to be dismissed based on his failure to administratively exhaust them. Dkt. No. 70. However, Judge Stewart concluded that administrative remedies might have been unavailable to plaintiff—and thus an exhaustion hearing should be scheduled—as to the events of June 27, 2022, which meant that plaintiff's Fourth Excessive Force

Claim (against Reif) survived dismissal. *Id.* at 18–19. Finally, Judge Stewart concluded that the Doe defendants had not been identified and served and had to be dismissed, which meant that plaintiff's Fourth Amendment body cavity search claims were subject to dismissal. *Id.* at 7–9.

Neither party has lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 70. Upon review for clear error, the R&R is accepted and will be adopted. *See* Fed. R. Civ. P. 72(b). The next step here appears to be an exhaustion hearing to determine whether plaintiff properly exhausted his Fourth Excessive Force Claim, *i.e.*, his claim against defendant Rief "based on this official "bending plaintiff's wrist while in handcuffs on June 27, 2022." Accordingly, the Clerk of the Court will be directed to assign plaintiff *pro bono* counsel for that purpose. However, because this process will likely take several weeks or more, *see* N.D.N.Y. L.R. 83.2, a scheduling order on a hearing or trial will not be issued until after the *pro bono* assignment is made.[1]

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 70) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 51) is GRANTED in part and DENIED in part;

3. Plaintiff's First Retaliation Claim, Second Retaliation Claim, First Conditions-of-Confinement Claim, Third Conditions-of-Confinement Claim, Third Medical Indifference Claim, Fourth Medical Indifference Claim, Fifth Medical Indifference Claim, First Excessive Force Claim, Second Excessive Force Claim, Third Excessive Force Claim, and Fifth Excessive Force Claim are DISMISSED for failure to exhaust administrative remedies;

[1] This leaves open the possibility that *Perttu v. Richards*, 605 U.S. 460 (2025) might warrant a different approach.

4. Plaintiff's Fourth Amendment body cavity search claims against the Does are DISMISSED; and

5. Plaintiff's Fourth Excessive Force Claim against Rief REMAINS for an exhaustion hearing and, if necessary, the scheduling of a trial.

The Clerk of the Court is directed to terminate the pending motions and refer the matter to the Court's pro bono panel for the assignment of counsel for an exhaustion hearing.

**IT IS SO ORDERED.**

Dated: September 8, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge